Stephen Z. Vegh (SBN 174,713)
VEGH IP LEGAL
1240 Rosecrans Ave., Suite 120
Manhattan Beach, CA 90266
Email: svegh@veghlaw.com
Tel: (310) 980-7440

Attorneys for Plaintiff
Consumer 2.0, Inc., doing
business as Rently

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER 2.0, INC., a California corporation, d/b/a Rently<br><br>Plaintiff<br><br>vs.<br><br>OAK SECURITY GROUP, LLC, an Indiana limited liability corporation; and DOES 1-10, inclusive,<br><br>Defendants | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1) DECLARATORY JUDGEMENT OF NO LIKELIHOOD OF CONFUSION AND VALIDITY OF TRADEMARK REGISTRATION NO. 5,821,560, 28 U.S.C. § 2201;**<br><br>**2) DECLARATORY JUDGEMENT OF NON-INFRINGEMENT, 28 U.S.C. § 2201;** |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Plaintiff Consumer 2.0, Inc. d/b/a Rently (hereinafter "Plaintiff") files this Complaint and, demanding trial by jury, complains and alleges as follows:

### NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2009) ("Lanham Act"). In this Complaint for Declaratory Judgment ("Complaint"), Plaintiff seeks a declaration that its registration of the OAKS Trademark for the goods identified

in United States Trademark Registration No. 5,821,560 (hereinafter "OAKS Mark") is enforceable, valid, proper, and should be maintained in full at the United States Patent and Trademark notwithstanding Defendant's "Oak" Mark (hereinafter "Defendant's Mark"). Plaintiff further seeks a declaration that its use of the OAKS Mark does not infringe the alleged trademark rights of Defendant in Defendant's Mark.

## THE PARTIES

2. At all times herein, Plaintiff, has been and is a a corporation organized and existing under the laws of the State of California and having a principal place of business at 6300 Wilshire Boulevard, Suite 620, Los Angeles, CA 90048.

3. Upon information and belief, Defendant Oak Security Group, LLC (hereinafter "Defendant") is a limited liability company organized and existing under the laws of the State of Indiana, with a principal place of business at 8904 Bash Street, Suite K, Indianapolis, IN, 46256.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 2201 and 28 U.S.C. § 2202 to declare the rights of any party seeking such declaration, and under Section 39 of the Lanham Act, 15 U.S.C. § 1121. The Court also has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship. This Court has *in personam* jurisdiction over Defendant because, upon information and belief, Defendant conducts substantial business in this District so as to make general and specific jurisdiction over Defendant fair, just, and permitted by law.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

6. Plaintiff provides under the OAKS Mark wireless electronic locking systems for remotely locking and unlocking wireless electronic locks comprised of

wireless electronic locks, wireless gateways, wireless plug-in modules being wireless controllers, and electronic key fobs being remote control apparatus. These systems utilize downloadable software and hardware that enables the remote, keyless, and/or keyed access to buildings via electronic locks, encrypted electronic keys, and wireless metal locks. Plaintiff's systems are hubless and constantly connected, thereby allowing for safe, secure, and scalable managed access solutions utilizing a variety of electronic devices.

7. Plaintiff specifically registered the OAKS Mark on computer software that may be downloaded into mobile phones or tablets for enabling keyless access to the office, apartment and house via electronic locks for use in the field of office, apartment and housing property management; Downloadable communication software for connecting mobile phones or tablets with keyless electronic locks in offices, apartments and houses; Downloadable communication software for connecting users with automated devices in offices, apartments and houses; Downloadable computer software for use with devices communicating with wireless metal locks, namely, downloadable computer software for remotely locking and unlocking wireless metal locks; downloadable computer application software for mobile phones, namely, downloadable software for controlling, monitoring and managing electronic door locks and encrypted electronic keys; Wireless electronic locking systems for remotely locking and unlocking wireless electronic locks comprised of wireless electronic locks, wireless gateways, wireless plug-in modules being wireless controllers, and electronic key fobs being remote control apparatus; wireless plug-in modules in the nature of wireless controllers which enable wireless control of locks; wireless gateway routers being computer hardware for transmitting and receiving signals for electronic locks; electronic locks; encoded electronic wireless key fobs being remote control apparatus for controlling electronic locks; electronic locks that wirelessly connect to other electronic devices within a residence; Electronic devices for environmental monitoring, control, and automation, namely, wireless controllers to remotely monitor and control

the function and status of HVAC units; downloadable computer software for use in environmental monitoring, control, and automation systems, namely, downloadable computer software for monitoring and control of HVAC units; downloadable computer software that allows users to remotely interact with environmental monitoring, control, and automation systems, namely, downloadable computer software for monitoring and control of HVAC units; electronic devices that allow users to remotely interact with environmental monitoring, control, and automation systems, namely, wireless controllers for remotely monitoring and controlling the status and function of HVAC units; downloadable computer software for sharing and transmission of data and information between devices for the purposes of facilitating environmental monitoring, control, and automation; electronic devices for sharing and transmission of data and information between devices for the purposes of facilitating environmental monitoring, control, and automation, namely, wireless controllers to remotely monitor and control the function and status of HVAC units; Climate control system consisting of a digital thermostat that automatically sets climate conditions based on prior and historical patterns of climate settings selected by users; climate control system consisting of a digital thermostat that can be controlled wirelessly from a remote location; software application for use on computers and hand-held devices, namely, downloadable software applications for controlling climate and energy usage in homes and businesses from a remote location; software application for use on computers and hand-held devices, namely, downloadable software applications for remotely monitoring and controlling, by wired or wireless communication, devices for environmental monitoring and control, in particular, smoke alarms, carbon monoxide alarms, fire alarms, environmental hazard detectors, lighting equipment, security alarms and sensors; electric or electronic sensors for motion, humidity, temperature, and light (hereinafter collectively referred to as "the OAKS GOODS").

8. Plaintiff first offered for sale the OAKS GOODS in commerce under its OAKS Mark at least as early as October 7, 2018.

9. Plaintiff's OAKS GOODS are available for sale on its website at www.welcomeoaks.com.

10. On January 21, 2019, Plaintiff filed U.S. Serial Application No. 88/270,105 for the OAKS mark ("the Application").

11. On or about February 21, 2019, the Attorney from the United States Patent and Trademark Office assigned to the Application conducted a search for prior registrations or pending applications with which Plaintiff's OAKS Mark could present a likelihood of confusion. One of the marks included in the Examining Attorney's search was Defendant's Mark. Notwithstanding the foregoing, the Examining Attorney found that Plaintiff's neither the OAKS Mark nor the OAKS GOODS identified therein presented any likelihood of confusion with Defendant's Mark, the mechanical metal door hardware goods identified with Defendant's Mark, or any other mark. Attached hereto as Exhibit "1" is a true and correct copy of the assigned Examiner's trademark search.

12. Plaintiff's U.S. Trademark Serial Application No. 88/270,105 registered on July 30, 2019 as U.S. Trademark Registration No. 5,821,560 ("the '560 Registration"). Plaintiff is the owner of the '560 Registration. Attached hereto as Exhibit "2" is a true and correct copy of the '560 Registration.

13. Defendant is identified as the owner of Defendant's Mark, U.S. Trademark Registration No. 3,122,106 ("the '106 Registration"), for "Oak" on metal door hardware, namely door locking systems comprised of cylindrical locks, mortis locks, cores, keys, door handles, door bolts, strike plates, and metal escutcheons as protective plates for keyholes. Attached hereto as Exhibit "3" is a true and correct copy of the '106 Registration.

**Defendant's December 11, 2020 Cease and Desist Letter**

14. On December 11, 2020, Defendant's counsel sent a letter to Plaintiff demanding that Plaintiff cease and desist from all further use of the OAKS Mark. Defense counsel claimed the OAKS Mark created a likelihood of confusion with

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

Defendant's Mark. Specifically, the letter states in pertinent part as follows: "[M]y client believes that your company's OAKS locks are likely to be confused with my client's OAK locks…[y]our use of OAKS in connection with locks infringes my client's superior trademark rights in the term OAK…trademark infringement is actionable both under the federal Lanham Act, and under state common law… Therefore, Oak Security demands that Oaks Lab and Rently immediately cease its use of the term OAKS, or any other mark that is likely to be confused with my client's OAK trademark. … Please note that your failure to stop using OAKS, or anything confusingly similar to OAK, may result in trademark infringement and unfair competition litigation being instituted against you. In any such litigation, Oak Security will seek all remedies available under the Lanham Act and state common law. These remedies include: (1) all profits that Oak Labs and Rently have made as a result of their use of OAKS; (2) the trebling of these damages as provided in the Lanham Act; and (3) Oak Security's attorneys' fees. Although Oak Security is willing to institute litigation to protect its rights in its OAK trademark, my client would prefer to resolve this matter amicably. Attached hereto as Exhibit "4" is a true and correct copy of defense counsel's December 11, 2020 cease and desist letter.

**No Likelihood of Confusion and No Infringement**

15. The '560 Registration and the OAKS goods described therein cover complete wireless, remote electronic locking systems. These systems utilize downloadable software and hardware to enable keyless or keyed access to buildings via electronic locks, encrypted electronic keys, and wireless metal locks.

16. In stark contrast, as set forth in the description of goods for the '106 Registration and as confirmed by Defendant's counsel in their December 11, 2020 letter, Defendant's Mark and the goods on which it is registered and used are only for conventional, mechanical metal door locks and constituent metal lock parts.

17. The OAKS Mark, by virtue of the allowance and issuance of the '560 Registration, is deemed prima facie valid and gives Plaintiff as owner the exclusive

right to use the OAKS Mark in commerce on or in connection with the OAKS Goods throughout the United States under 15 U.S.C. § 1115(a).

18. Plaintiff is not aware of any actual confusion between Plaintiff's OAKS Mark branded goods and any of the goods offered under Defendant's Mark.

19. Upon information and belief, the parties' respective goods, channels of trade, and customers are dissimilar.

20. Plaintiff adopted OAKS Mark in good faith, with the Trademark Office's allowance and issuance of the '560 Registration specifically in view of and with full knowledge of Defendant's '106 Registration.

21. Defendant's cease and desist letter to Plaintiff has created an actual, substantial and justiciable controversy between Defendant and Plaintiff concerning the continued registration of the '560 Registration and Plaintiff's right to use the OAKS Mark on the OAKS Goods.

## COUNT I
## DECLARATORY JUDGMENT FOR
## VALIDITY OF TRADEMARK REGISTRATION

22. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

23. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., Plaintiff is entitled to a declaration that United States Trademark Registration No. 5,821,560 of the OAKS Mark on the OAKS Goods is enforceable, valid, proper, and should be maintained in full at the United States Patent and Trademark Office notwithstanding Defendant's Mark.

## COUNT II
## DECLARATORY JUDGMENT FOR
## NON-INFRINGEMENT OF TRADEMARK

24. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs

as if fully set forth herein.

25. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., Plaintiff is entitled to a declaration that, by its use of the OAKS Mark, it has not infringed any of Defendant's alleged trademark rights, or any other federal or state statute, or any rights that Defendant may have under the common law in Defendant's Mark and related marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) A declaration and judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Plaintiff's United States Trademark Registration No. 5,821,560 for the OAKS Mark on the OAKS Goods is enforceable, valid, proper, and should be maintained in full at the United States Patent and Trademark Office;

(2) A declaration and judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Plaintiff has not infringed any of Defendant's alleged trademark rights, or any other federal or state statute, or any rights that Defendant may have under the common law in Defendant's Mark and related marks;

(3) Plaintiff's reasonable attorneys' fees and costs incurred in connection with this matter;

(4) Such other, further, additional relief as the Court deems equitable and proper.

Dated: January 14, 2021  VEGH IP LEGAL

By: /s/Stephen Z. Vegh
Stephen Z. Vegh
Attorney for Plaintiff
Attorney for Plaintiff
CONSUMER 2.0, INC., a California corporation, d/b/a Rently

## **DEMAND FOR JURY TRIAL**

Plaintiff, Consumer 2.0, Inc., d/b/a Rently, hereby demands a jury trial on all claims for relief.

Dated: January 14, 2021  VEGH IP LEGAL

By: /s/Stephen Z. Vegh
  Stephen Z. Vegh
  Attorney for Plaintiff
  CONSUMER 2.0, INC., a California
  corporation, d/b/a Rently